177 So.2d 52 (1965)
Wilford M. NICHOLSON, Appellant,
v.
AMERICAN FIRE AND CASUALTY INSURANCE COMPANY, Appellee.
No. 4982.
District Court of Appeal of Florida. Second District.
June 30, 1965.
*53 Marshall G. Curran, Jr., of Watkins & Curran, Fort Lauderdale, for appellant.
James M. Crum, of McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, for appellee.
SHANNON, Judge.
This action arose following a suit in which the appellant recovered $12,000.00 compensatory damages against James and Allen Wolverton, and $3,000.00 punitive damages against James Wolverton, as a result of an automobile accident. The appellee was the Wolvertons' insuror and paid the $12,000.00, but refused to pay the $3,000.00 on the grounds that the insurance contract did not cover liability for punitive damages. The policy provided generally that the insuror was to pay all sums for which the insured should legally become obligated as damages.
The appellant brought this action against the insurance company for a declaratory decree on the issue of liability for punitive damages. The chancellor granted the appellee's motion for summary judgment and subsequently entered a summary final decree in favor of the insurance company, from which this appeal is taken.
The one question squarely before this court is whether a contract obligating an insurer to pay "all sums which the insured shall legally become obligated to pay as damages because of: bodily injury, sickness or disease," includes an obligation to pay amounts assessed against its insured as punitive damages.
In their excellent briefs both parties have cited numerous authorities on this same issue. Some courts hold insurance companies liable for payment of punitive damages. Carroway v. Johnson, S.C. 1965, 139 S.E.2d 908; and Lazenby v. Universal Underwriters Ins. Co., Tenn. 1964, 383 S.W.2d 1. Other courts deny liability for these damages. Northwestern National Casualty Company v. McNulty, 5 Cir.1962, 307 F.2d 432; and Crull v. Gleb, Mo. 1964, 382 S.W.2d 17. Since no prior Florida appellate court decisions have been found in point, we decide this as a case of first impression in this jurisdiction.
We are aided in our determination by the recent decision of Northwestern National Casualty Company v. McNulty, 5 Cir.1962, 307 F.2d 432, in which the identical question now before us was presented to the United States Fifth Circuit Court of Appeals. In Northwestern an automobile accident occurred in Florida and the liability policy was issued in Virginia. In construing the applicable Florida law the court found that as a matter of public policy punitive damages in this state are based on a theory inconsistent with their coverage by liability insurance. We agree with that position and therefore hold that liability insurance does not require the insurance company to pay punitive damages assessed against its insured.
In reaching our conclusion we have first examined the nature and purpose of punitive damages. We find that in Florida they are awarded beyond actual damages suffered and imposed as a punishment to the defendant and as a deterrent to others. 9 Fla.Jur., Damages, Secs. 114 through 126. They are distinguished from compensatory damages which "arise from actual and direct pecuniary loss, mental suffering, value of time, actual expenses, and to these may be added bodily pain and suffering." Smith v. Bagwell, 1882, 19 Fla. 117, 121. Punitive damages "blend together the interests of society and of the aggrieved individual, and are not only a recompense to the sufferer *54 but a punishment to the offender and an example to the community." Smith v. Bagwell, supra. While this definition may seem to lend credence to the belief that punitive damages also compensate plaintiff for his injuries, we find their overriding purpose to be punishment. This is the trend of recent Florida decisions which the federal court in Northwestern clearly perceived. Sauer v. Sauer, Fla.App. 1961, 128 So.2d 761; Carraway v. Revell, Fla. 1959, 116 So.2d 16; Ross v. Gore, Fla. 1950, 48 So.2d 412; Dr. P. Phillips & Sons, Inc. v. Kilgore, 1943, 152 Fla. 578, 12 So.2d 465; Kress & Co. v. Powell, 1938, 132 Fla. 471, 180 So. 757; and Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214.
Based on this rationale of punitive damages, we are convinced that to allow drivers of automobiles to shift the responsibility for this type of penalty to an insurance company contravenes the public policy of the state. Judge Wisdom, in a scholarly opinion in Northwestern, supra, expresses this reasoning, which we deem to be controlling:
"The policy considerations in a state where, as in Florida and Virginia, punitive damages are awarded for punishment and deterrence, would seem to require that the damages rest ultimately as well [sic] nominally on the party actually responsible for the wrong. If that person were permitted to shift the burden to an insurance company, punitive damages would serve no useful purpose. Such damages do not compensate the plaintiff for his injury, since compensatory damages already have made the plaintiff whole. * *"
Appellant has directed us to decisions in which insurance companies have been held liable for payment of punitive damages. In these cases, the courts have construed the contracts against the drafting party and found the wording broad enough to encompass punitive damages. We base our decision on public policy, and therefore the question of interpretation is not reached. See Northwestern, supra 30 F.2d at 434.
Many of the authorities cited by the appellant relied upon the following statement from 7 Appleman, Insurance Law and Practice, Sec. 4312, p. 132, in which it is said: "However, it is clear that the average insured contemplates protection against claims of any character caused by his operation of an automobile, not intentionally inflicted." We believe that a person has no right to expect the law to allow him to place responsibility for his reckless and wanton actions on someone else.
Finding no error, we affirm the decision of the lower court.
Affirmed.
ALLEN, Acting C.J., and SILVERTOOTH, LYNN N., Associate Judge, concur.