STURGIS, Judge.
The plaintiff in this negligence action brings this appeal to review an order of the trial court, entered under the hereinafter related circumstances, dismissing the complaint with prejudice as to the defendant-appellee Warrington Motor Company, Inc., hereinafter referred to as “Warrington.” We affirm. Robert W. Henley, Warring-ton’s former employee and co-defendant, suffered judgment by default to be entered against him and makes no appearance on this appeal.
The points of law involved are: (1) Whether or not it was error to enter a partial summary judgment for Warrington, the effect of which was to preclude recovery of punitive damages against said defendant. (2) Whether or not it was error to dismiss with prejudice the action against Warring-ton consequent upon plaintiff’s election not to proceed in the manner required by the court in an order entered pursuant to plaintiff’s motion for a severance of the trial against the defendants or, in the alternative, for dismissal of the action against Warring-ton. We affirm the judgment appealed.
*652 Including amendments, five complaints were filed, each of which demanded both compensatory and punitive damages against the defendants whose liability, if any, arises out of identical facts and circumstances surrounding an accident involving an automobile owned by Warrington and operated by its co-defendant Henley, and an automobile of the plaintiff in which he was sitting at the time of the accident.
The question of Warrington’s liability to plaintiff for compensatory damages is moot because Warrington admitted liability therefor and the amount thereof was stipulated by the parties to this appeal.
The predicate laid by the complaint for award of punitive damages aaginst War-rington may be summarized as follows: Warrington, an automobile dealer, by its sales manager, James H. Rhymes, authorized two of its employees, one Ernest K. Houston and defendant Henley, to pick up a new automobile from Muldon Motor Company, Inc., hereinafter called “Muldon,” and bring it to Warrington’s place of business for the purpose of consummating a sale thereof. In going for the new automobile they drove a Ford automobile owned by Warrington. Upon reaching Muldon’s place of business Houston turned that automobile over to Henley for him to drive it back to Warrington’s. It is charged that Henley was at that time intoxicated and that he operated said automobile in a wantonly negligent and reckless manner, in utter disregard of the plaintiff, thereby causing it to collide with plaintiff’s standing automobile occupied by plaintiff; and that as a proximate result thereof plaintiff’s automobile was wrecked and diminished in value and plaintiff suffered severe bodily injuries of a permanent character. The complaint specifies the negligent acts committed by War-rington, upon which punitive damages are sought, as consisting in substance of one or more of the following:
(a)That Warrington, having knowledge that Henley was a heavy or excessive user of alcoholic liquors and prone to become intoxicated from such use, employed him and permitted him to operate its said Ford automobile.
(b) That Warrington, after becoming informed of such facts concerning Henley, continued him in its employ, the duties of which included the operation of Warring-ton’s said automobile.
(c) That Warrington authorized its employee Houston to entrust the operation of its said automobile to Henley, and that Houston did entrust the operation thereof to Henley knowing at the time that Henley was intoxicated from the voluntary use of alcoholic liquors.
(d) That Warrington, having knowledge of Henley’s addiction to alcoholic liquors to the extent that he habitually became intoxicated from the voluntary use thereof, did not take effective means to prevent him from operating its said automobile.
Warrington’s answer generally denied negligence, and on two occasions interrogatories were addressed to it by plaintiff and were answered. Plaintiff also took the deposition of James H. Rhymes who was Warrington’s general sales manager at the time of the accident.
Warrington then moved for a summary judgment in its favor as to plaintiff’s claim for punitive damages on the ground that there was no genuine issue as to any material fact in that particular and defendant was entitled to such partial summary judgment as a matter of law. Said motion was heard in conjunction with a pretrial conference. The court held, on the basis of the pleadings and undisputed proofs before it, that Warrington was not guilty of negligence of the character required for the imposition of punitive damages, and as part of the pretrial order entered partial summary judgment for Warrington in that behalf.
The pleadings have been delineated. The proofs on the motion for partial summary judgment consist exclusively of War- *653 rington’s answers to plaintiff’s interrogatories and the deposition of James H. Rhymes, Warrington’s former sales manager. Taken in the light most favorable to the plaintiff, Rhymes’ deposition discloses that it was Warrington’s business practice upon selling a new automobile not in stock to have the salesman making the sale pick it up from Muldon’s; that Rhymes instructed salesman Houston to pick up such new automobile on the occasion in suit; that in line with Warrington’s business practice, Houston arranged with another salesman, in this case Henley, to accompany him to Muldon’s and drive the new car back; that Rhymes did not know who had gone with Houston for that purpose until while at lunch he received a call at his home informing him of the accident, whereupon he proceeded to Muldon’s and there saw Houston, but did not see Henley at that time; that the last time he saw Henley on that day was at an 8:30 a. m. sales meeting in his office on Warrington’s premises, where he talked to the salesmen as a group; that at that time neither Houston nor Henley appeared to be under the influence of intoxicating beverages; that when he instructed Houston to pick up the new car from Muldon’s he did not appear to be intoxicated, under the in-' f luence of intoxicants, or drinking; that he, Rhymes, was a “teetotaler” and did not tolerate anyone drinking on the job; that Henley was a person who' dressed neatly .at all times and at said sales meeting did not give any impression of having been •drinking; that when Rhymes went to Mul-don’s he found that Henley had left and that Houston had remained there and appeared to be under the influence of intoxicants but not drunk, rather that “he seemed to be in full control of himself”; that Houston was not known to him to be a heavy ■drinker and neither Houston nor Henley Rad given him any reason to think that they -were drinking on Warrington’s job. Rhymes also testified that Henley had a reputation as a heavy drinker, “but not on the job”; that on the day of the accident Henley “was in full control of himself and 3 [Rhymes] had no reason to think anything about him being drinking because he didn’t give any appearance. His actions were normal * *
The interrogatories were answered by Warrington’s president, William E. Dunning. It was developed therefrom that after the accident Henley never reported back to work; that Rhymes, the sales manager, was the only person on behalf of Warrington who at the time of the accident exercised supervisory functions over Henley and Houston; that affiant Dunning had'not, nor' had any other officer or employee of War-rington, in any way remonstrated with, warned or cautioned'Henley with respect to his use of alcoholic liquors; that an investigation of Henley’s personal habits was made prior to his employment by Warring-ton, revealing that at one time Henley had been known as an alcoholic but that' for a long period of time prior to employment by Warrington he had not used-alcoholic beverages; that affiant Dunning was informed by sales manager Rhymes at the time of employing Henley that he (Rhymes) had checked with Henley’s previous employer who reported that Henley had been a good salesman and to the knowledge of that em-' ployer had not been drinking for four years; that he, Dunning, did not know that Henley was ever an alcoholic but had heard that Henley was a heavy drinker 'while employed “with F & H Supply Company,”-which was' prior to his employment with the employer for whom he worked immediately before his employment by Warrington; thát affiant Dunning had no knowledge that Henley had a record of having been an alcoholic or of any difficulties experienced by him in employment, legal proceedings, or otherwise, resulting from excessive use of alcoholic liquors; that the only occasion brought to Dunning’s attention of the operation by Henley of an automobile after having consumed alcoholic beverages was that connected with the accident resulting in this suit; and Dunning stated that since Henley “had a valid driver’s license and was regular in attendance on the job and'so far as we knew never drank’ on the job with *654 Warrington Motor Company we had no reason to take any other particular precautions to determine whether or not he had been using alcoholic beverages.”
In view of the pleadings and proofs the trial court did not err in entering the partial summary judgment in favor of appellee.
Turning now to the second point of law involved on this appeal, it is noted that at the pre-trial conference Warrington admitted it was guilty of simple negligence and acknowledged liability for compensatory damages. The parties then agreed that plaintiff suffered $538.00 compensatory damages and the same were fixed by the pretrial order at that amount. It was further ordered that the cause proceed to trial on the issue of “compensatory damages only against defendant Warrington Motor Company, Inc., and as to compensatory damages and punitive damages as to defendant Robert W. Henley.” Plaintiff thereupon moved the court for an order of severance of trial against the respective defendants on the ground that a joint trial against both would “unfairly prejudice” him; and moved, in the alternative, for an order dismissing the complaint as to Warrington. No facts are given or suggested in support of the quoted conclusion of the pleader. Said motion was denied by an order which required the plaintiff to formally elect (a) to proceed to trial against both of said defendants upon the issue of compensatory damages alone, leaving the issue of punitive damages against defendant Robert W. Henley for trial at a future date, or (b) to dismiss the cause with prejudice as to defendant War-rington. In response thereto plaintiff filed a pleading to the effect that he would not proceed to trial against the defendants jointly upon the issue of compensatory damages alone and leave the issue of punitive damages against defendant Henley for separate trial at a future date, and requested the court to accept said pleading as compliance with the cdurt’s order, stating that he did not wish “to be put in the position of affirmatively requesting dismissal of the cause with prejudice” as to defendant War-rington.
This suit was initially filed against Warrington only. Plaintiff thereafter voluntarily joined Henley as a party defendant. The record is devoid of any showing that a trial of said cause as to both defendants would in fact prejudice the plaintiff. Plaintiff’s alternative motion for severance, that is, for dismissal as to War-rington, makes no showing as to why such action should be without prejudice. The right to severance is not available in the absence of a showing of good cause supporting the proposition that plaintiff would be unfairly prejudiced by a joint trial of the issues. The order requiring the plaintiff to elect whether he would proceed against both defendants upon the issue of compensatory damages alone, leaving the issue of punitive damages against defendant Henley for trial at a future date, or dismiss the cause with prejudice as to defendant Warrington, afforded plaintiff a procedural privilege to which he was not entitled as a matter of law or under the facts in this case. Plaintiff’s election not to proceed to trial against the defendants jointly upon the issue of compensatory damages resulted in the order appealed which finally dismissed the cause with prejudice as to defendant Warrington. Being under no compulsion to grant a severance, the election afforded plaintiff was sufficient, at the very least, to erase any imaginable situation of prejudice. Under the circumstances, appellant’s second point is devoid of merit.
Having in mind the fact that defendant Warrington admitted liability to the extent of the agreed compensatory damages, justice under the law dictates that appellant should be afforded an opportunity, if he so desires, to prosecute the claim for compensatory damages against both defendants, despite his former election not to so proceed. Accordingly, the judgment appealed is affirmed, without prejudice, however, to the right of plaintiff-appellant to apply to the trial court for an order per *655 mitting him to withdraw the election not to proceed against both defendants on the issue of compensatory damages, and for such other proceedings as may be consistent herewith.
Affirmed with directions.
WIGGINTON, Acting C. J., and JOHNSON, J., concur.