COMMERCIAL UNION INSURANCE
COMPANY OF NEW YORK,
Appellant,

v.

Russell REICHARD et al., Appellees.

No. 26103.

United States Court of Appeals
Fifth Circuit.

Dec. 2, 1968.

Rehearing Denied Dec. 26, 1968.

See also D.C., 273 F.Supp. 952.

William M. Hoeveler, William J.
Flynn, Miami, Fla., for appellant;
Knight, Underwood, Peters, Hoeveler &
Pickle, Miami, Fla., of counsel.

Harry G. Carratt, Oakland Park, Fla.,
Thomas E. Byrd, Fort Lauderdale, Fla.,
for appellee, Paul Dye; Carlisle, Zeiher
& Byrd, Ford Lauderdale, Fla., of counsel.

Before TUTTLE and AINSWORTH,
Circuit Judges, and MITCHELL, District Judge.

TUTTLE, Circuit Judge:

In this diversity case we deal with a field of state law as to which this court has probably already played a sufficient role. By our decision and opinion in Northwestern National Casualty Company of America v. McNulty (5 Cir. 1962), 307 F.2d 432, we held that the Florida law did not permit the recovery on a public liability policy for payments made by an insured resulting from a successful claim for *punitive* damages under certain circumstances. These circumstances are carefully spelled out in the McNulty opinion. We said:

"By 'punitive damages' we mean damages awarded with a view to punish the defendant for irresponsible conduct and to deter the defendant and others from similar misconduct. The misconduct we have in mind is intentional or malicious wrongdoing, or action, or inaction having such a conscious disregard of others that a jury might fairly infer from the circumstances of aggravation that the wrong partakes of a criminal character, whether or not it is punishable as an offense against the state [citing Carraway v. Revell, (Fla., 1959) 116 So.2d 16]."

We are told by counsel that this federal court opinion properly enunciates the state law of the State of Florida.

In this case one Dye, the insured, was sued by persons injured by a vicious assault by an employee, Mobley. The suit claimed compensatory and punitive damages. The jury verdict was for $30,000 actual and $30,000 punitive damages. Having paid the insured his expenditure in satisfying the claim for actual damages, the insurer brought

this action for declaratory judgment, seeking to be relieved of the obligation to pay the amount representing punitive damages.

The original lawsuit charged Dye, the insured, with liability under the doctrine *respondeat superior,* and also for the negligent hiring of a person with "dangerous propensities," which were known or should have been known by Dye.

The jury, in its verdict for compensatory damages did not specify whether it was holding Dye on his vicarious liability or because of his alleged negligent hiring of Mobley. Neither did the jury specify as to its verdict for punitive damages.

The insurance carrier claims that the jury could have posited its punitive damage award on either basis, and that it is not liable if the jury made its award on non-vicarious grounds. It claimed that the burden of proof was on the assured to bring himself within the coverage of the policy, and since it was impossible to read the jury's mind, Dye could not carry this burden. Hence, it claimed its motion to be relieved of liability must be granted.

The trial court held that the rule of non-insurability of a person's own misconduct resulting in a punitive judgment against him was defensive matter; that the burden of proof was on the appellant insuror, and gave judgment for Dye.

We agree that if the jury could have based its verdict for punitive damages on either the vicarious liability of Dye, as employer, or Dye's own misconduct, it would be impossible to determine from this verdict which produced the verdict. It would then be necessary to determine whose burden it was to prove the impossible.

We have carefully read the charge of the trial court, however, and, in light of its description of the kind of conduct that would justify finding non-vicarious liability for punitive damages,[1] we need not reach this question.

Upon argument counsel agreed that this court's decision in McNulty adequately set forth the Florida law. This is confirmed by the favorable comments on it in Nicholson v. American Fire and Casualty Ins. Co. (Fla.App.1965), 177 So.2d 52, 54, and Sterling Insurance Company v. Hughes (Fla.App.1966), 187 So.2d 898, 900.

In the trial in the state court here the court *did not* charge the jury that it could find Dye subject to punitive damages on account of his hiring of a dangerous employee. As to Dye's liability on this account, the charge was simple and brief. It dealt only with liability for injuries:

> "you are instructed that an employer is liable for the injuries inflicted by an employee who the employer hires or retains when he knows or should know that the employee is dangerous or incompetent, and this is so whether the injuries were inflicted by the employee outside of the scope of his employment."

1. The trial court charged as to this as follows:

    "You are further instructed that exemplary or punitive damages are assessable dependent on circumstances showing moral turpitude or atrocity in the defendant's conduct in causing the injury that is wanton and malicious or gross and outrageous to such an extent that the major compensation of the plaintiffs should have an additional amount added thereto as 'smart money' against the defendants by way of punishment or example as to a deterrent to others inclined to commit similar wrong. Punitive or exemplary damages are allowable however solely as punishment or smart money to be inflicted for the malicious or wanton state of mind with which the defendant violated plaintiff's legal rights, and can only be imposed in cases where either by direct or circumstantial evidence some reasonable basis for an inference of wantonness, actual malice, deliberation, gross negligence, or other disregard of law on defendant's part may be legitimately drawn by the jury trying the case."

However, when it came to charging Dye's *vicarious* liability for punitive as well as actual damages, the court said:

"You are instructed that punitive damages may be assessed against an employer for the malicious, willful, intentional acts of his employee, as well as from individuals for their own acts. In this case if you find that Joseph Mobley intentionally, willfully or maliciously assaulted and battered Mr. Reichard you will be justified in assessing punitive damages in addition to compensatory damages against Mr. Mobley, in addition, under these circumstances you will be justified in assessing punitive in addition to compensatory damages against Mr. Mobley's employer, Mr. Paul Dye."

Thus, on this record, it is abundantly clear that the jury was charged only that it could hold Dye responsible for the punitive damages because of the relationship of master and servant. The appellant, conceding as it does, that if this fact could be proved it would likewise be liable, we conclude that the trial court did not err in holding the appellant liable on its policy, albeit by a somewhat different approach.

The judgment is affirmed.