261 So.2d 545 (1972)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Donald F. WILSON and Carla L. Wilson, et al., Appellees.
No. 71-743.
District Court of Appeal of Florida, Fourth District.
March 9, 1972.
Rehearing Denied May 24, 1972.
*546 Edna Louise Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellant.
Thomas E. Kingcade, of Jones, Paine & Foster, West Palm Beach, for Appellee-Miller.
Rosemary Barkett of Farish & Farish, West Palm Beach, for appellees-Wilson.
OWEN, Judge.
Appellant contends that there are two questions presented. First, does the owner of a motor vehicle have vicarious liability for punitive damages because of the operator's gross negligence? Second, if the owner has such vicarious liability, does appellant's automobile liability insurance policy provide coverage to the insured owner for punitive damages assessed against him solely on that basis? Appellees contend, and we think correctly so, that in the present posture of the case only the second, or coverage question, is properly before us for consideration.
Mr. and Mrs. Wilson sustained personal injuries in a collision between a motorcycle they were riding and a vehicle owned by Harold B. Miller and operated by one Johnston. We will assume that he was operating the vehicle with the owner's knowledge and consent as no issue is raised here on that score. The Wilsons filed suit against the owner Miller and the operator Johnston, each plaintiff seeking both compensatory and punitive damages against both Miller and Johnston, jointly and severally. The complaint sets forth in some detail the conduct on the part of the operator, Johnston, which plaintiffs allege constituted punitive gross negligence. However, there are no allegations of any employer-employee relationship between Miller and Johnston, nor any allegations of any active wrongdoing or misconduct on the owner's part which would independently sustain an award of punitive damages against the owner. Hence, it is clear that plaintiffs' claim for punitive damages *547 against the owner is based squarely upon his vicarious liability.
Miller, the defendant owner, was the named insured under a comprehensive automobile-general liability insurance policy issued by The Travelers Indemnity Company. Initially, the insurer undertook defense of the suit on behalf of Miller and through its attorneys moved for summary judgment in his favor as to the claims for punitive damages, asserting in support of such motion the proposition that the owner of a motor vehicle does not have vicarious liability for punitive damages. By an order entered January 22, 1971, the trial court denied Miller's motion for partial summary judgment on this issue. Even though that order denied a motion for partial summary judgment on the issue of liability (and hence apparently is not subject to interlocutory appeal under Rule 4.2, F.A.R., 32 F.S.A.), nonetheless, the court ruled that the vicarious liability of the owner of a motor vehicle would render him subject to punitive damages for the gross negligence of one operating the vehicle with the owner's knowledge and consent.
This order set the stage for the events which culminated in the present appeal. The insurer disclaimed to its insured Miller any coverage for punitive damages and, because of this conflict of interest, arrangements were made for Miller to be represented by separate counsel. Miller then filed a third party complaint against the Travelers Insurance Company[1] alleging in essence his status as an insured under the insurance policy issued by the company (a copy of which was attached to the pleading), his entitlement to coverage for any sums he might become legally obligated to pay to the plaintiffs, including punitive damages, and the insurer's disclaimer of coverage for any punitive damages. He sought judgment against the insurer for any sums which the plaintiffs might recover against him. Miller then moved for summary judgment in his favor on the third party complaint and on July 26, 1971, the court entered its order granting Miller's motion for partial summary judgment on the insurer's liability under the policy[2], holding that the policy provided coverage to Miller for any sums he might become legally obligated to pay to the plaintiffs as punitive damages. This is the order from which the insurer has taken the present interlocutory appeal.
First, a comment on a vexing procedural matter. The very nature of interlocutory appeal is such that it brings for appellate review only the specific order appealed. Local Lodge No. 1248, etc. v. St. Regis Paper Company, Fla.App. 1960, 125 So.2d 337. The only order here appealed is one which determined that appellant's insurance policy provided coverage for any punitive damages which plaintiffs might recover against the named insured under the policy. No appeal was taken from the order which theretofore had determined that the insured owner had a legal liability to plaintiffs for punitive damages vicariously imposed by reason of ownership. Therefore, the coverage question is, but the liability question is not, properly before us for appellate review. Yet, it seems logical that a decision on the coverage question ought to come only after the liability question has been resolved, lest we get the cart before the horse. Obviously, an ultimate determination that the vicarious liability imposed upon the owner of a motor *548 vehicle does not extend to punitive damages would necessarily render the coverage question moot in this or any other similar case. Additionally, in the instant case it is quite possible that the coverage question could be rendered moot in fact if, upon trial of the plaintiffs' action against Miller, no punitive damages were assessed against him. For these reasons, it might appear at first blush that any consideration of the coverage question at this time is premature and would be primarily in the nature of an advisory opinion. Upon reflection, however, it is evident that a situation of this type can and probably will arise with some frequency in connection with third party practice, the very nature of which contemplates only a contingent liability on the part of the third party defendant. It is not unusual, and in fact quite common, for the trial court to determine on summary judgment, at a time long before defendant's liability to plaintiff is established, that the defendant is entitled to indemnification from the third party defendant for all or some part of the judgment which defendant may ultimately suffer. When that occurs, the right of the third party defendant to an interlocutory appeal from the summary judgment on liability, permitted by Rule 4.2, F.A.R., should not be denied or postponed merely because the liability assessed against the third party defendant remains contingent upon a future event which may never transpire, to-wit: defendant-third party plaintiff being found liable to the original plaintiff. We have concluded that the coverage question is properly before us and should be considered and determined at this time, but only within the confines we hereafter set out.
For emphasis, we repeat that we expressly do not decide nor pass upon the correctness of the court's order of January 22 holding that an owner's vicarious liability will subject him to imposition of punitive damages for the gross negligence of one to whom the vehicle is entrusted. Any appellate determination in reference to the correctness of that order must await the question being properly presented in accordance with appellate rules of practice on appeal from the final judgment. The narrow question which we decide can be stated as follows:

If Miller's vicarious liability as the owner of a motor vehicle will, as a matter of law, render him liable for punitive damages when the vehicle is being operated in such a manner as to justify imposition of punitive damages against the operator to whom Miller has entrusted the vehicle, does Miller, as the named insured, have coverage for such vicariously imposed punitive damages under appellant's automobile liability insurance policy?
We hold that if punitive damages are assessed against Miller solely on the basis of vicarious liability arising out of ownership, and not because of any active wrongdoing or misconduct on his part which would itself justify imposition of punitive damages, then such damages are within the insuring agreement of appellant's policy to "... pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury ... arising out of the ownership ... of [the insured] automobile... ."
As authority for this holding we rely upon the cases of Sterling Insurance Company v. Hughes, Fla.App. 1966, 187 So.2d 898; Commercial Union Insurance Company of New York v. Reichard, C.C.A.5, 1968, 404 F.2d 868; and Ohio Casualty Insurance Company v. Welfare Finance Co., C.C.A.8, 1934, 75 F.2d 58. While the Hughes and Reichard cases involved the insurability of an employer's vicarious liability for punitive damages (awarded because of the misconduct of an employee), the same principles would apply to a motor vehicle owner insuring against vicarious *549 liability for punitive damages (awarded because of the operator's misconduct).
Appellant contends that the cases of Nicholson v. American Fire & Casualty Co., Fla.App. 1965, 177 So.2d 52 and Northwestern National Casualty Company v. McNulty, C.C.A.5, 1962, 307 F.2d 432, are valid authority for a contrary holding, but we think that each is distinguishable upon the facts. In the McNulty case the fact is expressly stated, and in the Nicholson it is clearly implied, that the person against whom the punitive damages had been assessed and for whom coverage was sought under the policies involved, was in each case the person who was the active tortfeasor. The rationale upon which the court held in each case that the coverage did not apply was that public policy would be violated to allow an active wrongdoer upon whom a punishment is imposed to escape that punishment by shifting it to an insurance carrier. Obviously, the courts have not found public policy to be violated where one liable for punitive damages solely because of vicarious liability has shifted that burden to an insurance carrier. Cf. Sterling Insurance Co. v. Hughes, supra; Commercial Union Insurance Co. of New York v. Reichard, supra. Our holding in this case has been expressly qualified to make it clear that the coverage for punitive damages extends only to the insured owner if he is not guilty of any active wrongdoing or misconduct which would itself justify imposition of punitive damages, and whose only basis of liability, if any exists, must necessarily be vicarious liability arising out of his ownership. We thus believe our holding here is entirely consistent with the state and federal court decisions cited by appellant.
The order is affirmed and this cause is remanded for further proceedings consistent herewith.
CROSS and MAGER, JJ., concur.
NOTES
[1] The Travelers Insurance Company was named as the third party defendant and is the appellant here. The insurance policy attached to the third party complaint was issued by The Travelers Indemnity Company. Because the parties have treated the two as the same entity, we do likewise.
[2] We have not set forth the policy language, but the relevant portions are identical in all material respects to the standard insuring agreement customarily used in nearly all automobile liability insurance policies.