369 So.2d 451 (1979)
HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,
v.
U.S. CONCRETE PIPE COMPANY, a Florida Corporation, Dorothy Bould and Edward Simonson, Jr., As Administrator of the Estates of Edward and Alice Simonson, Both Deceased and Mitchell C. Touchette, Appellees.
Mitchell C. TOUCHETTE and Hartford Accident & Indemnity Company, Appellant,
v.
Dorothy BOULD, Edward Simonson, Jr., As Administrator of the Estates of Edward and Alice Simonson, Both Deceased, and U.S. Concrete Pipe Company, a Florida Corporation, Appellees.
Nos. 74-235, 74-236.
District Court of Appeal of Florida, Fourth District.
April 11, 1979.
Rehearing Denied May 25, 1979.
*452 Sam Daniels, Miami, for appellant  Hartford Acc. & Indem. Co.
James A. Smith of Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee  U.S. Concrete Pipe Co.
Michael B. Davis of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellant  Mitchell C. Touchette.
Edward A. Perse of Horton, Perse & Ginsberg and Brumer, Moss, Cohen & Rodgers, Miami, for appellees  Dorothy Bould and Edward Simonson, Jr.
MOORE, Judge.
This is not the first appearance of this case before this court. Since detailed discussion of the facts would serve no useful purpose suffice to say appellant, Hartford Accident and Indemnity Company, insured appellee, U.S. Concrete Pipe Company. In a tragic accident the negligence of one of appellee's employee-drivers resulted in two deaths. After trial final judgments for compensatory and punitive damages were entered against the driver and U.S. Concrete. This court reversed those judgments as being excessive[1] and the Supreme Court quashed this court's opinion[2], mandating the reinstatement of the judgments and directing this court to entertain the interlocutory appeals from post-judgment orders of the trial court. Those two interlocutory appeals are what we presently consider.
In the second interlocutory appeal the appellant, Touchette, contests the order of the trial court taxing costs against him. That appeal was predicated upon Touchette's anticipated success in challenging the final judgments against him. His failure to prevail on that issue correspondingly determines his failure to successfully attack the order taxing costs which should be affirmed.
In the first interlocutory appeal appellant, Hartford, seeks review of an order entered by the trial court pursuant to motion of U.S. Concrete wherein the trial court entered judgment against Hartford[3] which has the effect of requiring Hartford, as insurer, to pay a portion of the $800,000 punitive damage award entered against U.S. Concrete.
It is well settled in Florida that one may not insure against liability for punitive damages as the result of his own misconduct which gave rise to such damages. Nicholson v. American Fire & Casualty Ins. Co., 177 So.2d 52 (Fla. 2d DCA 1965); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir.1962); Commercial Union Ins. Co. of New York v. Reichard, 404 F.2d 868 (5th Cir.1968); Travelers Ins. Co. v. Wilson, 261 So.2d 545 (Fla. 4th DCA 1972). These decisions are grounded upon public policy which, in effect, states that punitive damages are imposed against a defendant as punishment to the defendant and as a deterrent to the defendant and others. As such, that public policy would be frustrated if one were allowed to shift the risk of liability for such damages to an insurance company thereby avoiding the punishment imposed.
It is equally well established that a corporate employer may be held vicariously liable for punitive damages for the acts of its agent or servant under the doctrine of "respondeat superior" and that public policy is not contravened by shifting the risk of vicarious liability for punitive damages to an insurance company. See, Winn & Lovett Grocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936); Sterling Ins. Co. v. Hughes, *453 187 So.2d 898 (Fla. 3d DCA 1966); Travelers Ins. Co. v. Wilson, 261 So.2d 545 (Fla. 4th DCA 1972); Norfolk and Western Railway Co. v. Hartford Accident and Indemnity Co., 420 F. Supp. 92 (N.D.Ind. 1976). Appellant acknowledges this principle in quoting from Sterling Ins. Co., supra, where the court stated:
"However, it is generally held that there is a distinction between the actual tortfeasor and one only vicariously liable and that therefore public policy is not violated by construing a liability policy to include punitive damages recovered by an injured person where the insured did not participate in or authorize the act."
Hartford contends that it is impossible to apportion the punitive damages imposed against U.S. Concrete in the case sub judice between those for which U.S. Concrete is vicariously liable and those which are the result of U.S. Concrete's own misconduct. Relying upon Universal Underwriters Corp. v. Reynolds, 129 So.2d 689 (Fla. 2d DCA 1961) appellant argues that the burden of apportioning the punitive damages is upon U.S. Concrete and the fact that such a task is impossible should not act to the detriment of Hartford. It is Hartford's contention, therefore, that because U.S. Concrete failed to carry its burden of proving the apportionment U.S. Concrete thereby has failed to establish coverage for punitive damages under the terms of Hartford's policy. For reasons stated hereafter we find it unnecessary to determine the applicability of Reynolds, supra.
If the final judgment for punitive damages against U.S. Concrete was based solely on the concept of vicarious liability the trial court was correct in entering the judgment from which this appeal stems. On the other hand, if the judgment against U.S. Concrete was because of its own active misconduct the order of the trial court would be erroneous. Of course, if the jury imposed punitive damages on both theories we would then be confronted with a Reynolds, supra, situation.
Although we have carefully considered the pleadings and facts in this case we need only look to the court's instructions to the jury for our decision.[4] It is clear that the jury was instructed to the effect that the employer could be held liable for punitive damages for the acts of its employee done in the scope of his employment only if the jury found that the employer failed to exercise due and reasonable care in retaining the employee.[5] This instruction describes active negligence for which U.S. Concrete would be liable as opposed to vicarious liability by reason of the relationship of master and servant. As to punitive damages no instruction was given on a theory of vicarious liability alone. We conclude *454 that the first sentence of the third paragraph of the instruction in question cannot be considered a proper charge on vicarious liability of an employer for punitive damages. Alexander v. Alterman Transport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977), and Sideris v. Warrington Motor Co., 181 So.2d 650 (Fla. 1st DCA 1966). The first sentence must be read in conjunction with the following sentence in order for the charge to be complete. We therefore conclude that the jury imposed punitive damages against U.S. Concrete solely due to U.S. Concrete's active negligence in retaining the employee. Such liability cannot be shifted to an insurance carrier. See, Nicholson, supra. We hold that the entry of judgment against the appellant contravenes public policy and must be reversed.
Finding no error in the order taxing costs against the appellant, Touchette, in Case No. 74-236, the order in that case is affirmed. The order appealed from in Case No. 74-235 is reversed and that cause is remanded to the trial court for entry of an order denying the motion of U.S. Concrete Pipe Company for judgment against the appellant, Hartford Accident & Indemnity Company.
AFFIRMED as to Case No. 74-236 and REVERSED as to Case No. 74-235.
DOWNEY, C.J., and BERANEK, J., concur.
NOTES
[1] Touchette v. Bould, 324 So.2d 707 (Fla. 4th DCA 1976).
[2] Bould v. Touchette, 349 So.2d 1181 (Fla.).
[3] The trial court's order stated, "... judgment is hereby granted against Hartford Accident and Indemnity Company to the maximum limits of their insurance coverage of $500,000."
[4] Regarding punitive damages the court's instructions to the jury were as follows: "If you find that Mitchell C. Touchette, in the operation of the motor vehicle, was guilty of negligence to be of a gross and a flagrant character, evidencing reckless disregard of human life or of the safety of persons exposed to its dangerous affects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or reckless or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them, you may in your discretion, assess punitive damages against such defendant as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against either or both defendants, you may consider the financial resources of such defendant in fixing the amount of such punitive damages. You may assess punitive damages against one defendant and not the other or against more than one in different amounts.
Under the law of Florida, liability for punitive damages may be imposed upon an employer for the acts of his employees when those acts are of a character to warrent [sic] the imposition of such damages upon the employee, as where the employee has acted wantonly or willfully or with a reckless indifference to the rights of others. An employer may be liable in punitive damages for the acts of his employee done in the scope of his employment, if he has failed to exercise due and reasonable care in retaining him as an employee." (Emphasis ours).
[5] We find it unnecessary to determine whether or not this is a correct statement of the law. Since the Supreme Court of Florida has mandated the reinstatement of the judgments in the trial court this is the law of this case.