415 So.2d 101 (1982)
Juan PEREZ, As Administrator of the Estate of Johnny Perez, a Minor, Deceased, Appellant,
v.
Maria OTERO and United States Fidelity & Guaranty Company, Appellees.
No. 81-567.
District Court of Appeal of Florida, Third District.
June 15, 1982.
Horton, Perse & Ginsberg and Edward A. Perse, Ratiner & Glinn, Miami, for appellant.
Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before HENDRY and DANIEL S. PEARSON, JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
MELVIN, WOODROW M. (Ret.), Associate Judge.
Perez appeals a final declaratory judgment wherein the trial court held that the appellee, United States Fidelity and Guaranty Company, did not have to pay interest on a punitive damages portion of a judgment that had been entered in favor of Perez against U.S.F. & G.'s insured, Otero.
The appellant, while recognizing that U.S.F. & G. is not liable to pay the punitive damages award [Nicholson v. American Fire and Casualty Insurance Company, 177 So.2d 52 (Fla.2d DCA 1965); Hartford Accident & Indemnity Company v. U.S. Concrete Pipe Company, 369 So.2d 451 (Fla. 4th DCA 1979)] contends it is liable for interest on that portion of the judgment, due to an ambiguity in the contract of insurance. The claimed ambiguity is found in the following clause:
"III. SUPPLEMENTARY PAYMENTS
The company will pay, in addition to the applicable limit of liability:
(a) all expenses incurred by the Company, all costs taxed against an insured in any suit defended by the company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in the court that part of the judgment which does not exceed the limit of the Company's liability thereon;"
The appellant contends this clause must be interpreted to include interest on the award of punitive damages in the instant case because, any ambiguity must be construed against the company. We disagree and affirm the trial court. Insurance companies are not liable for punitive damages assessed against their insured for torts *102 committed by their insured as a matter of public policy. Nicholson v. American Fire and Casualty Insurance Company, supra; Hartford Accident & Indemnity Company v. U.S. Concrete Pipe Company, supra. For this court to adopt the interpretation of the clause in question as advocated by the appellant would result in the absurd result of penalizing the insurance company for not paying a judgment it is not legally obligated to pay. This we will not do. See Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla.2d DCA 1963); Hunt v. First National Bank of Tampa, 381 So.2d 1194 (Fla.2d DCA 1980). The only reasonable interpretation of the clause in question, is to hold that the insurer is only liable to pay interest on that portion of the judgment that is not in violation of the public policy of the State of Florida.
Therefore, the judgment under review is hereby affirmed.
Affirmed.