By petition for writ of certiorari, we have for review a decision of the District Court of Appeal, Fourth District, which allegedly conflicts with decisions of this Court and the district courts of appeal on the same point of law. The case below,Hartford Accident Indemnity Co. v. U.S. Concrete Pipe Co.,369 So.2d 451 (Fla. 4th DCA 1979), held that the instructions given to the jury allowed a finding of active negligence on the part of the corporate employer, thereby imposing punitive damages against the employer and relieving its insurer from liability for the punitive damages. Pursuant to Article V, Section 3(b)(3), Florida Constitution (1972), we accepted jurisdiction of the case on grounds of conflict with Travelers Insurance Co. v. Wilson,261 So.2d 545 (Fla.4th DCA 1972).
The facts of the case are set out in previous decisions of this Court and the Fourth District Court of Appeal. Petitioner U.S. Concrete Pipe Co. was insured by respondent Hartford Accident 
Indemnity Co. An automobile accident caused by the negligence of one of petitioner's employee-drivers resulted in two deaths. After trial, final judgments for compensatory and punitive damages were entered against the driver *Page 1063 
and U.S. Concrete. The district court reversed those judgments as excessive. Touchette v. Bould, 324 So.2d 707 (Fla. 4th DCA 1975). This Court quashed that opinion and mandated the reinstatement of the trial court's judgments. Bould v.Touchette, 349 So.2d 1181 (Fla. 1977). Upon remand, the district court entertained two interlocutory appeals from post-judgment orders of the trial court. One of those appeals forms the basis of this review.
The pleadings sought recovery against U.S. Concrete on the theory of the respondeat superior doctrine and also for negligence in retaining an unfit driver in its employment. The trial court's instructions to the jury contained the following references to punitive damages:
 Under the law of Florida, liability for punitive damages may be imposed upon an employer for the acts of his employees when those acts are of a character to warrant the imposition of such damages upon the employee, as where the employee has acted wantonly or willfully or with a reckless indifference to the rights of others. An employer may be liable in punitive damages for the acts of his employee done in the scope of his employment, if he has failed to exercise due and reasonable care in retaining him as an employee.
The jury awarded $800,000 punitive damages but did not specify whether U.S. Concrete was held on its vicarious liability or because of its alleged negligent employment of the truck driver. During the course of the trial, Hartford neither objected to the charge given nor requested any further instructions on this question, special interrogatories to the jury or special verdict forms.
The fourth district interpreted the above instruction to describe "active negligence for which U.S. Concrete would be liable as opposed to vicarious liability by reason of the relationship of master and servant." Hartford Accident Indemnity Co. v. U.S. Concrete Pipe Co. 369 So.2d at 453. No instruction was given regarding punitive damages on a theory of vicarious liability alone. The court concluded that the jury imposed punitive damages against U.S. Concrete solely due to the company's active negligence in retaining the negligent employee.
U.S. Concrete construes the instruction as allowing the jury to assess punitive damages against it only on a vicarious basis, without finding the company guilty of willful or wanton misconduct. The petitioner argues that Hartford had the burden of establishing the facts necessary to avoid its contract of insurance. According to U.S. Concrete, public policy and case law forbid insuring against willful, wanton and malicious conduct, but not the negligent conduct of which the company is accused.
Hartford contends that it carried the requisite burden of proof and that no conflict exists between the decisions of the district court below and Travelers Insurance Co. v. Wilson. Furthermore, the respondent claims that U.S. Concrete is bound by the doctrine of law of the case by failing to challenge the trial court's instruction in the previous appeal.
This last point raised by respondent has no merit. The doctrine of law of the case is limited to rulings on questions of law actually presented and considered on a former appeal. 3 Fla.Jur.2d Appellate Review §§ 421-22 (1978), and cases cited therein. The order granting judgment in favor of U.S. Concrete against Hartford for punitive damages was the subject of a post-judgment interlocutory appeal, which this Court directed the fourth district to entertain in our previous opinion. Bould v.Touchette 349 So.2d at 1187. Since the former appeal addressed the excessiveness of the punitive damage award, questions pertaining to the liability for payment of the award were not at issue in the case. Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 548 (Fla. 1981); Alexander v. Alterman TransportLines, Inc., 350 So.2d 1128, 1130 (Fla. 1st DCA 1977). The obligation of the insured or the insurance company to pay the punitive damages was properly raised in this appeal. *Page 1064 
Florida public policy prohibits liability insurance coverage for punitive damages assessed against a person because of his own wrongful conduct. Commercial Union Insurance Co. v. Reichard,404 F.2d 868 (5th Cir. 1968); Northwestern National Casualty Co.v. McNulty, 307 F.2d 432 (5th Cir. 1962); Travelers InsuranceCo. v. Wilson; Nicholson v. American Fire and Casualty InsuranceCo., 177 So.2d 52 (Fla.2d DCA 1965). The Florida policy of allowing punitive damages to punish and deter those guilty of aggravated misconduct would be frustrated if such damages were covered by liability insurance.
However, Florida public policy does not preclude insurance coverage of punitive damages when the insured himself is not personally at fault, but is merely vicariously liable for another's wrong. 31 Fla.Jur.2d Insurance § 876 (1981). As stated in Sterling Insurance Co. v. Hughes, 187 So.2d 898
(Fla.3d DCA), cert. denied, 194 So.2d 622 (Fla. 1966):
 However, it is generally held that there is a distinction between the actual tortfeasor and one only vicariously liable and that therefore public policy is not violated by construing a liability policy to include punitive damages recovered by an injured person where the insured did not participate in or authorize the act.
Id. at 900 (footnote omitted).
Travelers Insurance Co. v. Wilson involved a claim for punitive damages against an insured owner of a motor vehicle based on his vicarious liability. The fourth district ruled that public policy did not bar insurance coverage of punitive damages awarded on a vicarious theory, where the owner committed no willful or wanton misconduct. The decision emphasized that the punitive damages must be assessed against the insured solely on the basis of vicarious liability arising out of ownership, and not because of any active wrongdoing or misconduct on his part which itself justifies imposition of punitive damages, to shift the burden to the insurance carrier. 261 So.2d at 548.
Punitive damages cannot be assessed for mere negligent conduct, but must be based on behavior which indicates a wanton disregard for the rights of others. Winn Lovett Grocery Co. v. Archer,126 Fla. 308, 171 So. 214 (1936). Even gross negligence, by itself, will not support an award of punitive damages. FloridaPower Corp. v. Scudder, 350 So.2d 106 (Fla.2d DCA 1977), cert.denied, 362 So.2d 1056 (Fla.), appeal dismissed, 439 U.S. 922, 99 S.Ct. 303, 58 L.Ed.2d 315 (1978). In Clooney v. Geeting, 352 So.2d 1216
(Fla.2d DCA 1977), the plaintiff alleged that an employer knew its employee was not physically or mentally able to drive its truck. The court held that this knowledge was not sufficient to sustain a claim for punitive damages because the allegations did not show the necessary malice or wanton, willful or outrageous conduct. "[G]ross negligence is not enough to give rise to punitive damages — there must be a wilful and wanton disregard for the rights of others." Id. at 1219.
The facts in the present case do not show that U.S. Concrete was guilty of a willful and wanton disregard for the rights of others. In addition, the jury instructions referred to liability for failure to exercise due and reasonable care, i.e., negligence. This means that the jury verdict does not support a finding of wanton or willful misconduct. The trial court's charge seeks to impose punitive damages on U.S. Concrete because of its employee's willful and wanton behavior and its simple negligence and not because of willful and wanton misconduct of U.S. Concrete. See Mercury Motors Express, Inc. v. Smith, 393 So.2d at 549. The decision of the fourth district below concluded that the jury imposed punitive damages against U.S. Concrete solely for the company's active negligence in retaining the employee. This holding is in conflict with the weight and trend of Florida public policy and case law.
The liability of an insurer for punitive damages assessed against an employer and a negligent employee-driver was discussed in Morrison v. Hugger, 369 So.2d 614 (Fla.2d DCA 1979). The employer's insurance company attempted to avoid the payment *Page 1065 
of punitive damages as being against public policy or illegal. The district court noted that since either position taken by the insurer is an affirmative defense, the burden of proof rests on the insurance company to demonstrate that the coverage was inapplicable. The insurer must therefore establish that the jury awarded punitive damages against the insured on the basis of the insured's own conduct, rather than on the basis of vicarious liability. Because the facts supported the insurance coverage and because it was impossible to tell upon which basis the jury rendered its verdict, the court placed the judgment for punitive damages on the insurance company.
In Universal Underwriters Insurance Corp. v. Reynolds, 129 So.2d 689
(Fla.2d DCA 1961), the jury was instructed that it could return damages for both personal injuries (covered by the policy) and consequential damages (not covered by the policy) and both were included in a general verdict. In other words, the verdict was not broken down so as to designate the portion for personal injury and the portion for consequential damages. Since only a portion of the verdict was covered by the policy, the insured had the burden of showing which portion of the verdict was within the coverage of the policy. On the other hand, in the present case and in Morrison v. Hugger, the entire amount was classified as punitive damages. The only question is whether coverage existed for any portion. The issue in this case and inMorrison is one of coverage, while the issue in Reynolds was one of allocation.
The critical question here is whether the burden was upon Hartford to demonstrate non-insurability. This question was settled in Phoenix Insurance Co. v. Branch, 234 So.2d 396 (Fla. 4th DCA 1970), when the court stated the general rule as follows:
 The burden of proving an avoidance of the action on the basis that the loss is not covered, since it comes within a specific exclusion contained in the policy is upon the insurer.
Id. at 398 (citations omitted).
If a judgment includes elements for which an insurer is liable and also elements beyond the coverage of the policy, the burden of apportioning or allocating these damages is on the party seeking to recover from the insurer. On the other hand, if the evidence raises a question as to whether the entire claim is beyond the coverage of the policy, the burden is upon the insurer to show that there is no coverage. Non-insurability is a defensive matter, with the burden resting on the insurer.
A similar situation arose in Commercial Union Insurance Co. v.Reichard, 404 F.2d 868 (5th Cir. 1968), where the trial judge ruled that the burden of proof was upon the insurer. The United States Circuit Court of Appeals agreed that if the jury could have based the verdict for punitive damages on either the vicarious liability of the employer or the employer's own misconduct, it would have been impossible to determine from the verdict which theory produced the award. It was unnecessary to determine who had the burden to prove the impossible, as the instructions did not charge the jury that it could find the employer subject to punitive damages on account of his hiring a dangerous employee. In other words, the instruction to the jury limited the recovery for punitive damages to the claim based upon vicarious liability.
In the present dispute, if the instruction given by the trial court allowed the jury to award punitive damages for negligent hiring or on vicarious liability, the burden fell upon Hartford to request additional instructions or to use special verdicts. Neither was done, so Hartford cannot complain at this point. The record fails to show that the trial court committed error in entering judgment against Hartford.
For the above reasons, the decision of the district court of appeal is quashed and the cause is remanded with instructions to reinstate the order of the trial court requiring the insurance company to pay the punitive damage award.
It is so ordered.
BOYD, EHRLICH and SHAW, JJ., concur. *Page 1066 
EHRLICH, J., concurs with an opinion, in which ADKINS, BOYD and SHAW, JJ., concur.
ALDERMAN, C.J., dissents with an opinion.
OVERTON, J., dissents with an opinion.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.