This case requires the Court to address the impact of MercuryMotors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), on the previously established Florida case law allowing insurance to cover punitive damages imposed under a theory of vicarious liability. Morrison v. Hugger, 369 So.2d 614 (Fla.2d DCA 1979);Travelers Insurance Co. v. Wilson, 261 So.2d 545 (Fla.4th DCA 1972); Sterling Insurance Co. v. Hughes, 187 So.2d 898 (Fla.3d DCA), cert. denied, 194 So.2d 622 (Fla. 1966).
Long before our holding in Mercury Motors, this Court had acknowledged the vicarious liability of an employer in punitive damages for the willful, wanton or malicious acts committed by his employee in the course of his employment. Winn LovettGrocery Co. v. Archer, 126 Fla. 308, 171 So. 214 (1936). To recover punitive damages from an employer under the doctrine of respondeat superior, plaintiff had only to plead and prove the employer-employee relationship, that the acts were willful, wanton or malicious in nature and that they were performed within the scope of employment. Nichols v. McGraw, 152 So.2d 486 (Fla. 1st DCA 1963). The employer's liability was predicated solely upon the master-servant relationship; no separate acts of the employer were at issue. See Travelers Insurance Co. v. Wilson,Sterling Insurance Co. v. Hughes; but see Alexander v. AltermanTransport Lines, Inc., 350 So.2d 1128 (Fla. 1st DCA 1977).
Mercury Motors, in effect, added one more ingredient to the recipe for vicarious liability for punitive damages. Now a plaintiff must also plead and prove "some fault" on the part of the employer. 393 So.2d at 549. But Mercury Motors did not purport to change the nature of the liability.
 (3) Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part. (4) Although the misconduct of the employee, upon which the vicarious liability of the employer for punitive damages is based, must be willful and wanton, it is not necessary that the fault of the employer, independent of his employee's conduct, also be willful and wanton. It is sufficient that the plaintiff allege and prove some fault on the part of the employer which foreseeably contributed to the plaintiff's injury to make him vicariously liable
for punitive damages.
Id. (emphasis supplied). The additional element of employer's fault does not itself create a direct liability for punitive damages.
Hartford Accident and Indemnity Company asserts that vicarious liability predicated on any degree of fault on the employer's part would invoke the public policy against allowing a wrongdoer to insure himself against liability for punitive damages. I think this misinterprets the effect of both Mercury Motors and the public policy.
The purpose of punitive damages is, as the name indicates, to punish one whose wrongdoing surpasses mere mistake, negligence or thoughtlessness and to deter others from similar misconduct. When a tortfeasor has acted with wanton or willful disregard of the safety of others, punitive damages are imposed as a measure of society's disapproval of such conduct. If the burden of paying that penalty may be shifted to an insurer (and ultimately to society at large), the wrongdoer has no impetus to "learn his lesson" and change his behavior. Thus, Florida has followed the general rule that insurance may not cover punitive damages. Seealso Nicholson v. American Fire Casualty Insurance Co., 177 So.2d 52
(Fla.2d DCA 1965); Northwestern National *Page 1067 Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962).
At the same time, Florida has acknowledged an exception to this rule when the punitive damages are imposed on the basis of vicarious responsibility for the acts of another. TravelersInsurance Co. v. Wilson; Sterling Insurance Co. v. Hughes. Seealso Annot., 16 A.L.R. 4th 11 (1981). The rationale underlying this exception is obvious. When an employer's liability for punitive damages arises solely from the fact that he relies upon employees, there can be no action to punish or deter. Certainly no social policy will be furthered by hindering the growth of businesses beyond that to which one man can personally attend. Without liability insurance coverage, a businessman can ill afford the risk of delegating responsibility to employees who may eventually commit some willful, wanton or malicious tort in the scope of his employment.
Nor is the situation changed by Mercury Motors' addition of the element of "some fault" on the employer's part. "Some fault" does not necessarily rise to the level of misconduct for which society demands punishment and deterrence. The existence of any liability insurance is a recognition that no one is infallible. When decisions are made, the possibility always exists that the choice will be an unfortunate one. When damages arise from that choice and when hindsight shows the choice to have been unreasonable or imprudent so as to make the decision-maker liable for those damages, that liability may be covered by insurance. Businessmen must daily make decisions and entrust responsibility to employees in order to keep the enterprise functioning. If "some fault" or simple negligence in making a managerial decision could result in an uninsurable liability for punitive damages arising from the acts of an employee, there is a genuine fear that few undertakings could survive the risks inherent in doing business.
This is not to say that an employer may always shift the responsibility to pay punitive damages to his insurer. If the employer's fault is in the nature of willful and wanton disregard for the safety of others, the employer should be punished for his misconduct and public policy would prohibit shifting the liability away from the wrongdoer onto an insurance carrier. But in that case the punitive damages are imposed for the employer's active negligence and his liability should not be characterized as vicarious. The nature of the liability must obviously depend upon the facts of each case and would require proper pleading and proof. See Dayton Hudson Corp. v. American Mutual LiabilityInsurance Co., 621 P.2d 1155 (Okla. 1980).
Today's decision reaffirms Florida's recognition of the vicarious liability exception to the general rule that an insurer may not pay punitive damages. The facts of this case bring it within that exception, thus Hartford is liable for the punitive damages assessed against petitioner.[1]
ADKINS, BOYD and SHAW, JJ., concur.
[1] I am not unmindful that the bottom line of the Court's holding brings into irreconcilable conflict two principles, namely, that punitive damages are designed to punish, but that when punitive damages may be insured against, there is no punishment. How is U.S. Concrete being punished when Hartford had to pay the punitive damage award? It isn't, and the punitive damage award simply becomes an enhancement of damages to the plaintiff. This conflict can only be resolved by a holding that there can be no vicarious liability for punitive damages.