DANIEL S. PEARSON, Judge.
This is an appeal from an order denying a motion filed by Employers Insurance of Wausau (Wausau) seeking to intervene in a defamation action pending against Wausau’s insured, the University of Miami, and Dr. Melvin DeFleur, a university employee. Wausau’s motion claims an interest in the pending action in that: (a) Lavender, the plaintiff therein, is seeking punitive damages against the University; (b) the insurance policy issued by Wausau does not provide coverage to the University for punitive damages which may be assessed against it for its own wrongful acts,[1] although the policy does insure *1167 against punitive damages which may be assessed against the University on a vicarious liability theory; (c) therefore, says Wausau, unless it is permitted to have an active role in the preparation of jury instructions and a special interrogatory verdict, Wausau will be severely handicapped in its efforts to show, as it must, see U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla.1983), that there is no insurance coverage, in the event the jury assesses undifferentiated punitive damages against the University.
The plaintiff, Lavender, says this issue of coverage is between Wausau and the University, is entirely extraneous to the issues in the existing lawsuit, and can wait to be determined until after the present action is concluded. Therefore, says Lavender, there being no showing of a clear abuse of discretion, the trial court’s denial of Wausau’s motion cannot be overturned on appeal. See Maryland Casualty Company v. Hanson Dredging, Inc., 393 So.2d 595 (Fla. 4th DCA 1981).
While Wausau’s motion is not without precedent, see, e.g., Plough, Inc. v. International Flavors and Fragrances, Inc., 96 F.R.D. 136 (W.D.Tenn.1982), we nonetheless agree that the trial court did not err in denying Wausau’s motion. See Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc., 725 F.2d 871 (2d Cir.1984). However, while it is true that the question of insurance coverage can be determined in subsequent litigation, see, e.g., United States Fidelity & Guaranty Co. v. Adams, 485 So.2d 720 (Ala.1986); Donna C. v. Kalamaras, 485 A.2d 222 (Me.1984), we are impressed with the suggestion of the defendants, the University and Dr. DeFleur, that litigation will be reduced, that a good deal of time will be saved, and that neither the plaintiff’s nor the defendants’ rights will be adversely affected if, in the event that, but only after, the jury returns a punitive damage verdict against the University, Wausau is permitted to intervene for the same limited purpose of preparing jury instructions and a special interrogatory verdict for submission to the jury. Since both the plaintiff and the putative intervenor agree that this two-stage jury verdict will accommodate the interests of all concerned, we commend it for the trial court’s sua sponte consideration. For now, however, since Wausau sought to intervene before the return of the main verdict, we affirm the trial court’s denial of that motion, without prejudice, of course, to Wausau seeking to intervene after the return of the verdict deciding the defendants’ liability, if any, to the plaintiff.
Affirmed.

. In Florida, public policy prohibits liability insurance coverage for punitive damages assessed against a person because of his wrongful conduct. Travelers Insurance Co. v. Wilson, 261 *1167 So.2d 545 (Fla. 4th DCA 1972). See Commercial Union Insurance Co. v. Reichard, 404 F.2d 868 (5th Cir.1968).