COBB, Justice,
dissenting.
The issue on this appeal is the vicarious liability of Winn Dixie for punitive damages as a result of a battery and false imprisonment committed by its security officer, William Riley, against Thomas Harris, who was a business invitee at the time. Harris was mistakenly identified by Riley as someone who previously had been issued a trespass warning by the store, and the manner of Harris's detention by Riley gave rise to the instant litigation.
In Mercury Motors Express, Inc. v. Smith, 393 So.2d 545, 547 (Fla.1981), the court expressly held that in order to establish an employer’s vicarious liability for an employee’s willful and wanton misconduct, the plaintiff must prove some independent fault on the part of the employer which foreseeably contributed to the plaintiff’s injury. Therefore, simple negligence on the part of the employer is sufficient to establish the employer’s vicarious liability for an employee’s willful and wanton misconduct. See U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061, 1064-1065 (Fla.1983).
The plaintiff’s theory, which has now prevailed, is that Winn Dixie was negligent in failing to instruct Riley in how to deal with suspected trespassers. It seems to me that Winn Dixie, which had a policy of hiring only trained police officers (and Riley was one), cannot be faulted for assuming such an officer would know how to detain trespassers. There is no evidence in this case of any prior misconduct by Riley. To fault Winn Dixie for its reliance on Riley’s police training imposes a standard of strict premises liability on an employer for punitive damages contrary to the holding in Mercury Motors. In every case, it is possible for an alleged tortfeasor to somehow have taken greater precautions than he actually did. But that is not the test to determine actionable negligence. The test is one of reasonableness, and it is simply unreasonable, as a matter of law, to require Winn Dixie to retrain trained police officers in the niceties of arrest and detention.
Accordingly, I dissent.