William Scott, Plaintiff-Appellee, v. Instant Parking, Incorporated, and John Doe, Defendant, Fidelity General Insurance Company, Respondent on Citation and Appellant.

Gen. No. 52,686.

First Judicial District.

January 20, 1969.

Rehearing denied March 11, 1969.

Sydney W. Hollander and Branko M. Steiner, of Chicago (Branko M. Steiner, of counsel), for appellant.

Peter Fitzpatrick and George Kaye, of Chicago (Jesmer & Harris, Fitzpatrick & Kaye, of counsel), for appellee.

SCHEINEMAN, J.

William Scott recovered a judgment against Instant Parking, Inc., for personal injuries. The judgment for $21,000 was entered on a jury verdict awarding plaintiff $11,000 compensatory damages and $10,000 exemplary damages. The jury also specifically found the defendant guilty of wilful and wanton misconduct.

Thereafter, the plaintiff filed a citation proceeding against Fidelity General Insurance Company, which had insured defendant, undertaking: "to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury . . . sustained by any person, caused by accident . . . ." The trial court heard the arguments and ordered the in-

surance company to pay plaintiffs the $21,000 judgment against the defendant.

On this appeal it is contended that the insurance policy does not apply to consequences resulting from wilful and intentional wrongs, being restricted to injuries caused by accident. Also, that the $10,000 verdict for punitive damages was a penalty against defendant and the defendant should not be relieved from the penalty by reason of insurance.

The legal question whether a policy, like the one in this case, covers liability for intentional wrongs or for injuries caused by wilful and wanton misconduct, has been before the courts with many kinds of varying results. Thus the appellant cites cases from other states which uphold its position, including the Oregon case of Isenhart v. General Cas. Co. of America, 233 Ore 49, 377 P2d 26, which went so far as to hold that even if the policy expressly applied to intentional actions, that provision would be void as against public policy. The reasoning was that a person might be less likely to do violence to another knowing that the result would not be covered by liability insurance.

On the other hand, appellee cites cases to the contrary from a number of states and from the Federal and English courts. Under these circumstances this court will carefully examine what has been said on the subject by Illinois courts of review.

In Albrecht Co. v. Fidelity & Casualty Co., 289 Ill App 508, 7 NE2d 627, the court held that "as the result of an accident" covered the case of an insured's intentional shooting of a trespasser, and stated that it was following the greater weight of authority and the better reasoned cases.

That case was cited and followed in Hawthorne v. Frost, 348 Ill App 279, 108 NE2d 816, which involved an unprovoked assault on a person by a taxi driver, whose employer carried liability insurance in compliance with an

Illinois statute and the Chicago Municipal Code. We call attention to the fact that the reasoning of the Oregon court cited by appellant could not apply in the Hawthorne case or in this case, since the insurance policy was a protection to the assailant's employer, not to him.

■ The Hawthorne case also cited a number of cases from other jurisdictions, and quoted with approval the principle that the question of accidentality "is determined from the standpoint of the injured person and not from the standpoint of the aggressor . . . ." We approve this principle, for the aggressor may have performed an intentional act, but to the injured party he has met with an accident.

Since a *wilful* assault by an employee is an accidental injury within the meaning of the liability policy, it appears to this court all injuries caused by *wilful and wanton misconduct* must likewise be regarded as caused by accident, from the standpoint of the injured party.

Next we refer to Rodgers v. Reserve Life Ins. Co., 8 Ill App2d 542, 132 NE2d 692. This involved life insurance rather than liability insurance but the same question was presented, i. e.: whether the result of wilful and wanton misconduct is *caused by accident*. The court held that it was.

The facts were: the decedent in that case was driving at night at a speed of 100 m. p. h. while approaching a curve in disregard of the protests and warnings from his guests in the car. The beneficiary claimed that death was caused by accident within the meaning of the policy. This contention was upheld, the court saying:

"In the instant case, Rodgers consciously incurred a known hazard in attempting to negotiate the curve on the highway at the high rate of speed he was traveling. He clearly failed to exercise judgment, was careless, reckless, perhaps foolhardy, but it does not follow that he intended to destroy himself or imperil the lives of his guest passengers. His death was not the rational, natural

and probable result of his intentional act, and, upon the facts as they appear in this record, plaintiff is entitled to recover."

The Illinois statute, c 95½, Ill Rev Stats, § 9–201, limits recovery by a guest rider against his host to damages for injuries "in case of accident . . . caused by the wilful and wanton misconduct of his host." Obviously, the legislature believed the result of wilful and wanton misconduct was "caused by accident."

We would regard any court decision to the contrary as a blind disregard of the commonly accepted Illinois usage of the phrase "caused by accident."

Accordingly, we hold that these words include injuries caused by wilful and wanton misconduct, and since punitive damages may be allowed in such a case, they are a part of "all sums" which the insured became liable to pay, and thus are covered by express wording of the policy.

Appellant objects to the procedure used in ordering it to pay the judgment, averring that this deprived it of its right to a trial by jury. The issue before the court was whether the policy covered wilful and wanton misconduct, and in particular, whether it covered exemplary damages. Upon that issue, the appellant had no right to a jury trial. The question of the construction of a contract presents an issue of law for the court, it is not submissible to a jury.

By leave of court, the appellant filed a supplemental list of authorities, which pertain to the right of an individual tort-feasor to insure himself against liability for his own acts. We have already noted that the several jurisdictions arrive at various rules of law in that situation. This case is different, it involves only the right of a corporation to insure against liability caused by its agents and servants. There is no reasonable basis to declare the latter type insurance is against public policy. Appellant cites nothing on that situation. On the con-

trary, appellee cites authorities to the contrary, including: Sterling Ins. Co. v. Hughes (Fla), 187 So2d 898, and Ohio Cas. Ins. Co. v. Welfare Finance Co., 75 F2d 58 (8th Cir).

The rulings of the trial court were correct under Illinois law, and its judgment order is affirmed.

Affirmed.

ALLOY, P. J. and STOUDER, J., concur.