HARVEY R. YOUNG, Plaintiff-Appellant, *v.* TOLEDO, PEORIA AND WESTERN RAILROAD COMPANY, Defendant-Appellee.

Third District   No. 76-349

Opinion filed February 28, 1977.

Dwight W. McGrew, of Fleming & McGrew, of Watseka, for appellant.

Jack Cassidy, Jr., of Cassidy, Cassidy & Mueller, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

This is an action by plaintiff, a volunteer fireman from Cissna Park, to recover damages for personal injuries suffered during a fire that occurred after the derailment of a train operated by defendant Toledo, Peoria and Western Railroad. Plaintiff was summoned to the Crescent City, Illinois, fire and was injured by an explosion of tank cars carrying liquified petroleum gas. The trial court granted defendant's motion to dismiss the amended complaint for failure to state a cause of action, and plaintiff appeals. At the time of the explosion the plaintiff was not upon the property of defendant, and claims not to have been actively engaged in fighting or attempting to control the fire or explosion.

The record shows that on June 21, 1970, numerous railroad cars derailed as a train operated by defendant passed through Crescent City. Thirteen of the cars were tank cars containing LP gas, some of which began to burn and explode. The issue on review is whether the plaintiff has a legal right to recover damages for negligence or wilful and wanton misconduct on the part of the owner of the train.

Plaintiff's amended complaint contained four counts, and we are particularly concerned with Count IV alleging wilful and wanton misconduct. A similar suit arising out of this same calamity appears in *Erickson v. Toledo, Peoria & Western R.R.* (1st Dist. 1974), 21 Ill. App. 3d 546, 315 N.E.2d 912, and this court considered virtually the same issues in *Marquart v. Toledo, Peoria & Western R.R. Co.* (3d Dist. 1975), 30 Ill. App. 3d 431, 333 N.E.2d 558. The latter case involved an appeal from the denial of the railroad's motion for summary judgment, and we held that the evidence was insufficient to support the allegations of wilful and wanton misconduct. Here we have an issue involving only the pleadings. In both the *Erickson* and *Marquart* cases the plaintiffs were specifically engaged in fighting the fires by either directing streams of water on the tank cars or in attempting to remove the burning cars. Here, we find the plaintiff was not on the defendant's property but was merely at the scene to extinguish fires that might erupt on properties along the defendant's right-of-way.

The plaintiff relies heavily on the decision in *Dini v. Naiditch* (1960), 20 Ill. 2d 406, 170 N.E.2d 881. In that case the plaintiffs filed a motion to

amend their complaint to include a cause of action for wilful and wanton misconduct in addition to causes grounded on negligence and statutory violations. The motion was denied, and the Illinois Supreme Court reversed. *Dini* did not recognize liability on the part of the landowner for negligence in *causing* a fire, but rather, as the court stated, liability attaches for a lack of care in the maintenance of the property which results in injury to the fireman.

Plaintiff's contention that the fire was caused by a failure of the defendant to discover a "hot box" some 10 miles before the train entered Crescent City is an attempt to predicate liability upon the negligent creation of a fire. The allegations in Count IV refer to acts of negligence which could be contributory causes of the fire, and relate only to the manner in which the fire was caused, and thus falls short of stating a cause of action on wilful and wanton misconduct. Since *Dini*, this position has been taken by other States, and several other cases have held that a fireman cannot predicate a personal injury action solely on another's negligence in causing a fire. In *Netherton v. Arends* (1967), 81 Ill. App. 2d 391, 225 N.E.2d 143, plaintiff fireman appealed from an adverse judgment on the pleadings. There, allegations of negligence attempted to place the blame on defendant-owner for negligently and carelessly maintaining his premises so as to cause or permit them to catch fire. The parallel with the instant complaint is substantially identical.

■■ Any doubt that the appellate court decisions have deviated from our supreme court's holding in *Dini* have been dispelled by *Washington v. Atlantic Richfield Co.* (1976), 66 Ill. 2d 103, 361 N.E.2d 282, holding a fireman has no cause of action against a landowner for negligence on account of injuries suffered while attempting to extinguish a fire. The plaintiffs were two Chicago firemen who were injured while engaged in extinguishing a fire in and around an automobile whose driver had pulled into a filling station to purchase gas.

Plaintiffs filed a motion to amend their complaint, including a cause of action for willful and wanton misconduct in addition to causes grounded on negligence and statutory violations. This motion was denied and summary judgments in favor of defendants were entered. The appellate court reversed and remanded, directing the trial court to allow plaintiffs' amendment.

After granting leave to appeal, the supreme court reversed the appellate court and affirmed the circuit court, holding that:

> "[W]hile a landowner owes a duty of reasonable care to maintain his property so as to prevent injury occurring to a fireman from a cause independent of the fire he is not liable for negligence in causing the fire itself." 66 Ill. 2d 103, 108, 361 N.E.2d 282, 285.

In *Washington,* the defendants were charged with having caused the

plaintiffs' injuries by using a defective gasoline pump, permitting the gas tank to overflow, and allowing the driver of the car to smoke. The court stated:

> "These acts relate only to the manner in which the fire was caused. We have rejected as overly broad a reading of *Dini v. Naiditch* which would permit liability to be predicated upon negligence in causing a fire as a matter of common law. We see no reason for a different result where the conduct that causes the fire is also a violation of a statute or an ordinance. As we stated previously, the function of a fireman is to deal with fires, and he assumes the risks normally associated with that function when he enters upon that employment." 66 Ill. 2d 103, 109.

■■ We believe that the decision in *Washington* is controlling as to Counts II, III and IV of the complaint in which plaintiff sought recovery on theories of negligence and wilful and wanton misconduct. Count I was founded on a strict liability theory which has no basis in the law of Illinois. See *Hertz v. Chicago, Indiana & Southern R.R. Co.* (2d Dist. 1910), 154 Ill. App. 80.

For the foregoing reasons, we find that the trial court properly ruled that plaintiff did not plead a cause of action. The judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.