FERGUSON, Judge.
McCutchen, a tenant who was injured on the landlord’s premises, won a jury verdict for compensatory damages, then settled the punitive damages part of her claim against the landlord. She sought to enforce the settlement against the landlord’s insurer. This appeal is from an order which entered summary judgment for the insurer.[1]
McCutchen (tenant) was injured in her apartment by an intruder, allegedly as a result of the gross negligence of Ten Associates’ employee in not providing adequate security. McCutchen successfully sued Ten Associates (insured-landlord) for compensatory damages and we affirmed the judgment. Ten Associates v. McCutchen, 398 So.2d 860 (Fla.3d DCA 1981), cert. denied, 411 So.2d 384 (Fla.1981). A claim for punitive damages was filed as part of the original suit. Highlands, the insurer, refused to defend the landlord against the punitive damage claim alleging the insurance policy provided no such coverage. Highlands advised the landlord to secure independent counsel for defense of the punitive damages claim. On this advice, the landlord hired other counsel, then entered into a Stipulation and Agreement with the tenant settling the punitive damages claim for $100,-000.00 with a condition that the settlement amount would be recoverable by the tenant only against the insurer.[2]
At the outset the parties agree that: (1) an insurer is not obligated to pay punitive damages when the injury results from direct willful, wanton and reckless conduct of the insured, and (2) when this case was tried, an insurer was obligated to pay punitive damages where the insured’s liability was purely vicarious under the doctrine of “respondeat superior”. Hartford Accident & Indemnity Company v. U.S. Concrete Pipe Company, 369 So.2d 451, 452 (Fla. 4th DCA 1979).
Appellant contends that summary judgment was not proper because there remains a factual issue as to whether the conduct of the insured, separate from that of the employee, was such as to justify the imposition of punitive damages which the insurer is obligated to pay. Appellee answers that since Mercury Motors Express, Inc., v. Smith, 393 So.2d 545 (Fla.1981)—decided after summary judgment was entered in this case — there is no theory under which an insurer can be legally obligated to pay punitive damages imposed against the insured, in obvious reliance on the following language from Mercury Motors:
*28 ... Before an employer may be held vicariously liable for punitive damages under the doctrine of respondeat superior, there must be some fault on his part.... 393 So.2d at 549.
Relying on the above language from Mercury Motors as a first premise, appellee applies, as a second premise, the established rule that public policy will not permit one to insure himself against his own misconduct, Hartford Accident & Indemnity Company v. U.S. Concrete Pipe Company, 369 So.2d at 452; Travelers Insurance Co. v. Wilson, 261 So.2d 545, 549 (Fla. 4th DCA 1972) and reasons that Mercury Motors has effectively abolished the vicarious liability exception to the rule which insulates insurers from any obligation to pay punitive damages. The conclusion does not necessarily follow. Mercury Motors does hold that an employer will not be liable in punitive damages for wanton and willful acts of his employee unless the employer is also at fault. But where the claim for punitive damages is based on the wanton and willful misconduct of an employee and the employer is also at fault, but the employer’s fault does not amount to gross negligence or willful or wanton misconduct, the insurer is not relieved of its legal obligation to pay. See Dorsey v. Honda Motor Co., Ltd., 670 F.2d 21 (5th Cir.1982); Jones v. Holiday Inns, Inc., 407 So.2d 1032 (Fla. 1st DCA 1981). Our conclusion here is quite consistent with the holding in Travelers Insurance Co., 261 So.2d at 548, which is not affected by Mercury Motors:
... if punitive damages are assessed against [an owner] solely on the basis of vicarious liability arising out of ownership, and not because of any active wrongdoing or misconduct on [owner’s] part which would itself justify imposition of punitive damages, then such damages are within the insuring agreement....
Both Mercury Motors and Travelers contemplate that there can be some fault on the part of an employer which contributes to the injury of a third person but which fault is not, independent of the employee’s conduct, willful and wanton.
We understand the case to have been decided only on the point of law. Since the law does not preclude recovery for punitive damages against the insurer in all cases where the employee’s conduct is wanton and willful and the employer is also at fault, the case must be considered on the facts presented.[3] A summary judgment may be entered only after the moving party has shown that there exists no genuine issue as to any material fact. Humphrys v. Jarrell, 104 So.2d 404 (Fla.2d DCA 1958).
Reversed and remanded.

. The motion for summary judgment alleged only that there was no coverage.

. The validity of the agreement is not an issue in this appeal.

. At this stage of the proceedings we need not address the more difficult question: what misconduct on the part of the employer is less than that which would itself support a claim for punitive damages, but which would constitute the degree of fault necessary to shift to the insurer an obligation to pay.