442 So.2d 192 (1983)
AETNA CASUALTY & SURETY CO., Petitioner,
v.
The WACKENHUT CORP., Respondent.
No. 62767.
Supreme Court of Florida.
November 17, 1983.
Rehearing Denied January 16, 1984.
Mark J. Mintz of Ress, Gomez, Rosenberg & Howland, North Miami, and Sheridan K. Weissenborn of Papy, Poole, Weissenborn and Papy, Coral Gables, for petitioner.
Richard H.W. Maloy, Coral Gables, for respondent.
PER CURIAM.
Approved. 418 So.2d 1013. U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983); Morrison v. Hugger, 369 So.2d 614 (Fla. 2d DCA 1979).
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, EHRLICH and SHAW, JJ., concur.
McDONALD, J., dissents with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, dissenting.
I dissent. Wackenhut's policy states that Aetna will pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage." This is the same language as in the insurance policy involved in U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983), and I am still not able to equate "punitive damages" to "damages because of bodily injury."
The above-quoted language from Wackenhut's policy is a standard provision found in many insurance policies. Numerous courts have considered this language in the context of punitive damages. They generally center on the obligation to pay "all sums" and decide that "all sums" means all sums, including punitive damages. Southern Farm Bureau Casualty Insurance Co. v. Daniel, 246 Ark. 849, 440 S.W.2d 582 (1969); Greenwood Cemetery, Inc. v. Travelers Indemnity Co., 238 Ga. 313, 232 S.E.2d 910 (1977); Scott v. Instant Parking, Inc., 105 Ill. App.2d 133, 245 N.E.2d 124 (1969); Continental Insurance Cos. v. Hancock, 507 S.W.2d 146 (Ky. 1973); State v. Glens Falls Insurance Co., 137 Vt. 313, 404 A.2d 101 (1979); Hensley v. Erie Insurance Co., 283 S.E.2d 227 (W. Va. 1981). Several courts, however, have centered on the obligation to pay "damages because of bodily injury." Because punitive damages are not awarded as compensation for bodily injury, these courts have held that this contract provision does not make an insurance company liable to pay a punitive damage award against its insured. Braley v. Berkshire Mutual Insurance Co., 440 A.2d 359 (Me. 1982); Schnuck Markets, Inc. v. Transamerica Insurance Co., 652 S.W.2d 206 (Mo. Ct. App. 1983); Nationwide Mutual Insurance Co. v. Knight, 34 N.C. App. 96, 237 S.E.2d 341, cert. denied, 293 N.C. 589, 239 S.E.2d 263 (1977).
In my opinion these latter cases are correct. There are great differences between punitive damages and damages awarded because of bodily injury. Punitive damages are awarded for the protection of society and to deter similar misconduct. They are not compensation for injuries, but, rather, punishment. Punitive damages are, therefore, separate and apart from and in addition to actual damages and are measured by the extent of the actor's malice. Damages because of bodily injury, on the other hand, are designed to compensate the victim for the injury suffered. Therefore, they cover only awards of actual or compensatory damages.
I do not believe that the instant insurance policy covers punitive damages or that *193 Aetna is obligated to pay the award against Wackenhut.
In his concurring opinion to U.S. Concrete Justice Ehrlich states that, in order to find an employer vicariously liable for an act of its employee, Mercury Motors Express, Inc. v. Smith, 393 So.2d 545 (Fla. 1981), requires that some fault on the employer's part be found. The jury in the instant case, because of the instructions given here, must have found some fault on Wackenhut's part. In assessing punitive damages against Wackenhut the jury sought to punish it for its misdeeds. If insurance pays this award, Wackenhut is not being punished. A finding that this insurance policy provided coverage for punitive damages thwarts the jury's reason for imposing them. I would quash the holding of the district court in this case.
OVERTON, J., concurs.