486 So.2d 4 (1986)
HIGHLANDS INSURANCE COMPANY, Appellant,
v.
Mildred McCutchen, Appellee.
No. 85-314.
District Court of Appeal of Florida, Third District.
February 18, 1986.
Rehearing Denied April 16, 1986.
Joe N. Unger, Welsh & Telander, Miami, for appellant.
Goldstein, P.A., Daniels & Hicks and Elizabeth K. Clarke, Miami, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HENDRY, Judge.
Highlands Insurance Company appeals from the entry of a final summary judgment *5 which awarded $100,000, together with interest, attorney's fees and costs, to appellee Mildred McCutchen. This is the third time this cause has been before this court. A full recitation of the facts and issues may be found in the prior opinions of Ten Associates v. McCutchen, 398 So.2d 860 (Fla. 3d DCA), rev. denied, 411 So.2d 384 (Fla. 1981), and McCutchen v. Highlands Insurance Co., 424 So.2d 26 (Fla. 3d DCA 1982), approved, 446 So.2d 1073 (Fla. 1984). We reverse and remand upon the following briefly stated analysis.
First, the second appeal established that:
where the claim for punitive damages is based on the wanton and willful misconduct of an employee and the employer is also at fault, but the employer's fault does not amount to gross negligence or willful or wanton misconduct, the insurer is not relieved of its legal obligation to pay.
McCutchen v. Highlands Insurance, 424 So.2d at 28. Stated another way, Florida law allows insurance coverage for punitive damages when the insured is merely vicariously liable for another's wrong. Aetna Casualty & Surety Co. v. Wackenhut Corp., 418 So.2d 1013 (Fla. 3d DCA 1982), approved, 442 So.2d 192 (Fla. 1983). This legal proposition is now settled as the law of the case. U.S. Concrete Pipe Co. v. Bould, 437 So.2d 1061 (Fla. 1983); Crabtree v. Aetna Casualty & Surety Co., 438 So.2d 102 (Fla. 1st DCA 1983).
Second, we are remanding because the record reflects that there remain genuine issues of fact to be resolved. If, as seems clear from the record, the evidence raises a question as to whether the punitive damages claim is beyond the coverage of the policy, the burden is upon the insurer to show that there is no coverage. U.S. Concrete Pipe v. Bould, 437 So.2d at 1065. Thus, on remand, it is appellant's burden to prove that the insured employer's fault in the underlying cause rose to the level of gross negligence or willful or wanton misconduct so as to show a lack of coverage.
Third, if appellant refuses to carry its burden on remand, as appellee asserts is what occurred after our remand in McCutchen v. Highlands Insurance, the trial court has a panoply of remedies available to it to make certain that our mandate is carried out.
Reversed and remanded.