CLARENCE DEIBERT, Plaintiff-Appellee, v. BAUER BROTHERS CON-
STRUCTION COMPANY, INC., Defendant-Appellant.

Fifth District   No. 5—88—0480

Opinion filed August 7, 1989.—Rehearing denied September 19, 1989.

Stephen W. Thomson, Curtis L. Blood, and Kit R. Morrissey, all of
Reed, Armstrong, Gorman, Coffey, Thomson & Gilbert, P.C., of Edwards-
ville, for appellant.

Cook, Shevlin, Keefe & Ysursa, Ltd., of Belleville (Bruce N. Cook, of counsel), for appellee.

JUSTICE HOWERTON delivered the opinion of the court:

■ A possessor of land has a duty to protect invitees from harm caused by a known or obvious danger when the possessor should anticipate the harm despite the invitee's knowledge of the danger or the obviousness of the danger. (See Restatement (Second) of Torts §343A (1965); *Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35.) At trial, plaintiff testified that his attention was distracted from an obvious danger, thereby forming a breach of duty issue for the jury's resolution. Defendant's claim that it had no duty under the circumstances of this case as a matter of law is rejected, and the judgment entered on the jury's verdict for plaintiff is affirmed.

Plaintiff, an electrician with 24 years of construction experience, worked for Fritz Electric, a subcontractor of defendant, the general contractor. Rain had come to the construction site the day before plaintiff's spinal disc was herniated. The day he was injured, the ground was slippery and soft. Sometime during the morning, plaintiff walked to a portable restroom on the construction site and went in. As he came out, he looked up instead of down, because in the past, construction workers had been throwing plasterboard and related construction garbage off a balcony overhead, although they had not thrown anything that day. Unseen by plaintiff, but only a step and a half from the portable restroom, were ruts, four to five inches deep and 8 to 10 inches wide, that had been left by heavy machinery. Plaintiff walked that step and a half looking up, stepped into one of the ruts, and tripped, severely injuring his back. He admitted that the ruts were open and obvious and that he would have seen them had he been looking where he was going.

Defendant moved for a directed verdict at the close of plaintiff's case; that motion was denied. The jury found for plaintiff, but reduced his damages in accordance with finding plaintiff 40% contributorily negligent. Defendant moved for judgment notwithstanding the verdict; that motion was also denied. Both the motion for a directed verdict at the close of plaintiff's case and the motion for judgment notwithstanding the verdict were predicated on defendant's claim that because the rut was open and obvious, it had no duty to protect plaintiff from harm caused by the rut.

■ A general contractor "is subject to the same liability, and enjoys the same freedom from liability *** as though he were the possessor of land." Restatement (Second) of Torts §383 (1965).

Defendant cites *Genaust v. Illinois Power Co.* (1976), 62 Ill. 2d 456, 343 N.E.2d 465, and Restatement (Second) of Torts section 343 (1965) and argues that it had no duty to plaintiff to protect him from the harm caused by the rut, because a possessor of land has no duty to protect an invitee from a condition of the land where the possessor has no reason to expect that the invitee will not discover or realize the danger or will fail to protect himself against it, or where the condition is open and obvious. Defendant insists: (a) the rut was open and obvious; and (b) because plaintiff was an experienced construction worker, and because depressions, ruts and rises in the ground are inherent in construction, defendant had no reason to expect that plaintiff would not discover the danger posed by the ruts.

Had there been no evidence that plaintiff's attention was distracted from the ruts, section 343 Restatement (Second) of Torts would apply. The circuit court, then, would have been obliged to direct a verdict because defendant would have had no duty to protect plaintiff from the obvious danger posed by the ruts. However, there was evidence of distraction, and therefore, this case is governed by section 343A Restatement (Second) of Torts.

■ Section 343A(1) of the Restatement applies to known or obvious dangers. It provides:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts §343A(1) (1965).

Plaintiff has claimed that defendant has a duty to protect him from harm caused by the ruts, because plaintiff's attention was distracted by the past practice of workers throwing construction garbage off an overhead balcony, and that under the circumstances of this case, the defendant should have anticipated that distraction. In conjunction with that duty, his testimony that he looked up to see if workers were dumping plasterboard from the balcony overhead formed, *prima facie*, a breach of that duty. *See Shaffer v. Mays* (1986), 140 Ill. App. 3d 779, 489 N.E.2d 35.

■ That nothing was being thrown off the balcony on the day plaintiff was hurt may have had significance to the jury, but was not determinative to the court's granting a directed verdict or judgment notwithstanding the verdict. Plasterboard and other construction items had been thrown off the balcony as this construction project proceeded. Plaintiff knew it; it is a reasonable inference that defendant also knew it. Under these circumstances, a court can only say

that it is a jury question whether defendant should have anticipated that a person using the portable restroom would look up to see if he was coming into harm's way from above. Under these circumstances it would be wrong for a court to announce as a matter of law that defendant should not have anticipated the distraction.

■ Lastly, defendant argues that the ruts are a natural condition of the land, caused by ordinary construction site traffic across soft dirt and mud, and therefore, defendant had no duty to protect plaintiff. Defendant relies on *Stiles v. Panorama Lanes, Inc.* (1982), 107 Ill. App. 3d 896, 438 N.E.2d 241, and *Walker v. Chicago Transit Authority* (1980), 92 Ill. App. 3d 120, 416 N.E.2d 10. These cases involve the rule that covers accumulations in their natural state of snow, ice, water and mud. These are placed into the world by God. The ruts were placed into the world by defendant.

The judgment is affirmed.

Affirmed.

HARRISON and LEWIS, JJ., concur.